# THE PEOPLE *v.* CASTRO.

## APPEAL from the District Court of San Juan.

No. 10.—Decided May 22, 1903.

APPEALS,—FELONY.— Appeals to the Supreme Court in criminal cases lie only where the crime amounts to a felony.

FELONY.—When a defendant is sentenced to pay a fine and in default of payment thereof to imprisonment in the penitentiary, the crime should be considered a felony.

IMPRISONMENT.—Imprisonment means deprivation of liberty, and is therefore applicable to penitentiary as well as jail, and the imprisonment to which sections 374 and 375 of the Code of Criminal Procedure refer for the purpose of requiring a bond in cases of appeal, is imprisonment in the penitentiary, and there is no conflict between said sections and section 345 of the same code.

APPEAL.—MISDEMEANOR.—When a defendant is sentenced to imprisonment in jail in a criminal case charging a felony, the crime should be considered a misdemeanor after rendition of judgment, and no appeal lies to the Supreme Court.

### STATEMENT OF THE CASE.

This is an appeal pending before this court taken by Natividad and Crisanto Castro from a judgment rendered by the District Court of San Juan, in a prosecution against them for assault.

In this case Natividad and Crisanto Castro were charged with the crime of assault provided for in section 237 of the Penal Code, to which they pleaded not guilty. The San Juan Court, in a judgment rendered January 22nd of last year, held as having been proven that Inocencio Ramos had had some words with Natividad Castro in the district of Carolina, about a revolver he had lost, they having parted on friendly terms, notwithstanding which, on November 3rd of last year, he was assaulted by Natividad and Crisanto Castro who inflicted two wounds on his head (left parietal region), two on the palm of his right hand and one on the lower side of his left forearm, all of a serious character, which were examined and attended in due time. Wherefore, after hearing the prosecution and the defence, the court, in view of the evidence, declared that Natividad and Crisanto

en su oportunidad; por lo que, oidas la acusación y la defensa, dicho Tribunal, dado el resultado de la prueba, declaró culpables á Natividad y Crisanto Castro del delito de acometimiento, de que se les acusaba, y los condenó á un año de Cárcel á cada uno, y en las costas de por mitad.

*Resultando:* que contra esta sentencia se interpuso por el abogado defensor de los acusados recurso de casación, ó de apelación, en su caso, autorizado por los artículos 345, 346, 347, 374 y 375 del Código de Enjuiciamiento Criminal, citando como infringidos el 236 de dicho Código, por no existir en el juicio prueba de la culpabilidad de los acusados, y el 237 del Código Penal, porque faltando esa prueba no puede tener aplicación ese artículo; habiendo sido admitido el recurso de apelación.

*Resultando:* que el Fiscal ha impugnado el recurso por escrito y oralmente.

Abogado del apelante, *Sr. Tizol.*

Abogado del apelado, *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que el artículo 345 del Código de Enjuiciamiento Criminal establece que cualquiera de las dos partes en un proceso criminal, en persecución de un delito muy grave *(felony)*, puede apelar ante la Corte Suprema, siempre que la apelación verse sobre una cuestión de derecho, y los artículos 347 y 348 del mismo Código, enumeran las resoluciones contra las cuales procede dicho recurso, sin que éste se conceda contra las dictadas en causas por delitos menos graves ó *misdemeanor*, por lo que es obvio que ya se atienda al texto literal del mencionado artículo 345, ya á la regla de interpretación *inclussio unius est exclussio alterius*, solo cabe recurso de apelación en las causas por *felony*, máxime si se tiene en cuenta que en el Código de Enjuiciamiento Criminal del Estado de California, del cuál en gran parte ha sido tomado el actualmente vigente en esta Isla, aquel recurso se

Castro were guilty of the crime of assault with which they were charged, and sentenced them to imprisonment in jail for one year and each to pay half of the costs.

From this judgment counsel for the accused took an appeal in cassation, based upon sections 345, 346, 347, 374 and 375 of the Code of Criminal Procedure, and citing as violated section 236 of said code, inasmuch as at the trial no evidence had been introduced establishing the guilt of the accused, and section 237 of the Penal Code, because such evidence being wanting, said section is not applicable.

The appeal having been allowed, the same was opposed by the *Fiscal* both by argument and brief.

*Mr. Tizol,* for appellant.

*Mr. del Toro,* Fiscal, for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above state-of facts, delivered the following opinion of the court:

Section 345 of the Code of Criminal Procedure prescribes that either party in a criminal action amounting to felony, may appeal to the Supreme Court, provided the appeal be based on a question of law, and Sections 347 and 348 of the same code, specify the decisions from which such appeal may be taken, this remedy not being allowed from decisions rendered in prosecutions for misdemeanor, wherefore it is obvious that whether the literal text of aforesaid section 345, or the rule of interpretation *inclusio unius est exclusio alterius* be followed, appeals in criminal cases lie only where the crime amounts to a felony, especially when it is remembered that in the Code of Criminal Procedure of California, from which the one now in force in this Island was in a great measure taken, such appeal is expressly allowed in actions both for felony and misdemeanor, whence it is to be inferred that in failing to mention the appeal in actions for misdemeanor in aforesaid section 345, it was the legislative intent to deny the benefit thereof in such cases.

Although sections 374 and 375 of the Code of Criminal Procedure, in providing when a defendant may be admitted

dá expresamente tanto en las causas por *felony* como en las por *misdemeanor*, de lo cual se desprende que al no hacerse mención en el artículo 345, ya citado, del recurso de apelación en las causas por misdemeanor, no fué otra la intención del legislador que denegar tal beneficio en tales causas.

*Considerando:* que si bien los artículos 374 y 375 del Código de Enjuiciamiento Criminal, al determinar cuando se le admite fianza al acusado, se refieren á casos en que se apele de una sentencia en que solo se condene al pago de multa, ó á la pena de prisión, lo cual parece estar en contradicción con el precepto del repetido artículo 345, que no otorga recurso de apelación en causas por misdemeanor, tal contradicción no existe, pues un acusado puede ser condenado solamente á pena de multa y por falta de pago de la misma, á la pena de presidio, en cuyo caso el delito debe reputarse *felony*, con arreglo al artículo 14 del Código Penal, y por lo que atañe á la pena de prisión, como ésta, según se despréndé del artículo 10 del mismo Código, envuelve un concepto genérico consistente esencialmente en la privación de libertad y aplicable tanto á la que se sufre en la Penitenciaría, como á la que se sufre en la Cárcel, es de entenderse que la prisión que determina la fianza en caso de apelación, debe ser la comprendida en el primer sentido específico anteriormente expresado, deduciéndose, por tanto, de lo expuesto, que los artículos 374 y 375 del Código de Enjuiciamiento Criminal, no se refieren á fianza que pueda prestarse para establecer apelación en causa por misdemeanor, sino por *felony*, y que lejos de contradecirse, se harmonizan, dichos artículos y el 345 del mismo Código.

*Considerando:* que habiendo sido condenados Natividad y Crisanto Castro á la pena de un año de Cárcel, es claro que según el texto del artículo 14 del Código Penal, el delito castigado es misdemeanor, y por tanto, es improcedente el recurso de apelación admitido por el Tribunal de Dritrito de San Juan.

*Considerando:* que siendo improcedente dicho recurso,

to bail, refer to cases where the appeal is from a judgment imposing a fine only, or the penalty of imprisonment, which seems to be in contradiction to the provision of aforesaid section 345, wherein no appeal is allowed in actions for misdemeanor, such contradiction does not exist, for a defendant may be sentenced to pay a fine, and in case of his failure to pay it, to imprisonment in the penitentiary, in which case the offense should be deemed a felony, according to section 14 of the Penal Code; and with regard to the punishment of imprisonment, inasmuch as the latter, as is to be inferred from section 10 of the same code, involves a generical idea consisting essentially of the deprivation of liberty, applicable alike to that undergone in the penitentiary and in jail, the imprisonment which allows of admission to bail in case of appeal, should be understood in the one included in the first specific sense hereinbefore given, whence it is to be inferred that sections 374 and 375 of the Code of Criminal Procedure do not refer to admission to bail in order to take an appeal in an action for misdemeanor, but in one for felony, and that said sections, instead of being in contradiction, are in accord with section 345 of the same code.

Inasmuch as Natividad and Crisanto Castro were sentenced to imprisonment in jail for one year, it is evident that the offense punished is, according to section 14 of the Penal Code, a misdemeanor, and therefore the appeal allowed by the District Court of San Juan, does not lie.

Said appeal not being admissible, this Supreme Court has no authority to take cognizance thereof, and consequently the judgment rendered by the District Court of San Juan must stand.

We adjudge that we should declare and do declare that the appeal taken by the accused Natividad and Crisanto Castro, and allowed, does not lie, and impose the costs upon them, and it is hereby ordered that a certified copy of this decision be forwarded to the District Court of San Juan, for

esta Corte Suprema carece de jurisdicción para conocer del mismo, quedando en su consecuencia subsistente la sentencia dictada por el Tribunal de San Juan.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de apelación admitido á los acusados Natividad y Crisanto Castro, con las costas á cargo de los mismos; y remítase copia certificada de esta sentencia al Tribunal de Distrito de San Juan' para la ejecución de la dictada en 22 de Enero último.

Jueces concurrentes: Señores Presidente, Quiñones y Asociados, Figueras, Sulzbacher y MacLeary.

---

El Pueblo v. Rodriguez.

Apelación procedente de la Corte de Distrito de San Juan.

No. 9.—Resuelto en Mayo 29, 1903.

Errores Manifiestos.—Apelación—Cuando en una causa criminal hay errores manifiestos en los autos, el Tribunal Supremo puede revisarlos sin necesidad de que se hallen consignados en un pliego de excepciones.

Falsificación.—Comete el delito de falsificación, el que hiciere uso de un documento falsificado, á sabiendas de que no es legítimo y con intención de perjudicar á un tercero.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Moreno Calderón.*

Abogado del apelado: *Sr. del Toro*, Fiscal.

the purposes of the execution of the judgment rendered on the 22nd of January last.

Messrs. Chief Justice Quiñones, and Associate Justices Figueras, Sulzbacher and MacLeary, concurring.